# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-146V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

C. VANESSA RANDOLPH, *as executor*    \*
*of the estate of* DOROTHY T. GRAY,    \*

   \*          Filed: February 28, 2022

         Petitioner,    \*

   \*

       v.    \*

   \*

SECRETARY OF HEALTH AND    \*
HUMAN SERVICES,    \*

   \*

         Respondent.    \*

   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 18, 2015, Dorothy Gray filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1 ("Pet."). Petitioner alleged she suffered neurological symptoms, diagnosed later as Bickerstaff Brainstem Encephalitis ("BBE") from her seasonal influenza ("flu") vaccine on October 11, 2011. Pet. at 2. Mrs. Gray then passed

---

[1] Although not formally designated for publication, this Decision will be posted on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

away due to other causes on December 17, 2016, at which point her daughter, C. Vanessa Randolph, appeared as Petitioner. Status Report at 1, dated on July 13, 2017 (ECF No. 57).

I resolved the claim via ruling on the record and denied entitlement. Decision, dated on Nov. 12, 2021 (ECF No. 99). Petitioner then moved for review on December 13, 2021. Motion, dated Dec. 13, 2021 (ECF No. 101). While the appeal was pending, however, the parties filed a notice of tentative settlement in the matter. Notice, dated Feb. 9, 2022 (ECF No. 105). They then filed a stipulation maintaining their positions, but agreeing the issues could be settled by entering an award for Petitioner. Stipulation, dated Feb. 23, 2022 (ECF No. 106). Based upon this, the Court of Federal Claims has ruled that the appeal is moot, remanding the matter back to me for disposition. Order, dated Feb. 24, 2022 (ECF No. 107).

I have reviewed the filed stipulation, and based upon that review I conclude that the parties' determination to settle the appeal and conclude the matter (as attached hereto) is reasonable. Although I had ruled that entitlement was not appropriate in this case, the issue upon which my Decision turned was fairly disputed. Moreover, the parties' wishes about how to resolve a case should always receive more than small deference. I therefore adopt the Stipulation as my Decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum payment of $25,000.00, in the form of a check payable to Petitioner, as legal representative of the estate of Dorothy Gray. This amount represents compensation for all damages that would be available under Vaccine Act Section 15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.